HON. EDWARD A. TRACY County Attorney, Saratoga County
This is in response to your letter wherein you ask for an opinion of the Attorney General whether or not the Capital District Regional Planning Commission was created and is governed by the provisions of General Municipal Law, Article 12-B. The County Attorneys of Schenectady and Rensselaer Counties have joined in your request for an opinion. The County Attorney of the County of Rensselaer asks the specific question as to whether or not the Capital District Regional Planning Commission must seat the County Engineer or Superintendent of Highways or District Superintendent of each participating county as ex-officio members of that body as provided for by General Municipal Law, § 239-b.
Heretofore, by agreement entered into in 1967 by the County of Albany, the County of Rensselaer, the County of Saratoga and the County of Schenectady, pursuant to resolutions duly adopted by the Board of Supervisors of each of said counties, there was created a Capital District Regional Planning Commission to be comprised of the representatives of the aforementioned counties for the purpose of performing work including, inter alia,
surveys, land studies and technical services in an effort to develop a coordinative, comprehensive master planning program of the entire area served by said Commission and to encourage and assist public and private agencies and persons to undertake a coordinative, comprehensive master planning program. The Commission consists of three members from each of the participating counties to be appointed by the respective legislative bodies of said counties. The Commission is empowered, pursuant to said contract, among other things:
 "To receive and expend grants from private foundations or agencies and to apply for and accept grants from the federal government or the state government, including applications and grants pursuant to Title 701 of the Federal Housing Act of 1954, as amended, and to enter contracts for and agree to accept such grants upon the approval of each of the respective legislative bodies of the participating counties."
General Municipal Law contains an Article 12-B, captioned, "Metropolitan, Regional or County Planning Boards." Section 239-b contained in said Article, provides, in part:
 "The board of supervisors of any county alone or in collaboration with the governing bodies of the cities, towns and villages in such county or any of them or in collaboration with the board or boards of supervisors of any adjacent county or counties may establish a regional or county planning board
to consist of representatives of such county or counties and where the local governments of the municipalities participate in the formation of such regional or county planning board, such board may also contain representatives of such municipalities to be selected in a manner to be determined by the board or boards of supervisors. The county engineer or superintendent of highways or district superintendent in each county participating shall be a member ex-officio of any such regional or county planning board, and in a county which has established the office of comptroller, or commissioner of finance, such official shall also be a member ex-officio of such regional or county planning board. * * *" (Emphasis supplied.)
Such planning board, pursuant to provisions of General Municipal Law, § 239-d, is empowered to perform planning work, including surveys, land use studies, urban renewal plans and technical services, to change or add to a county plan showing the highways, parks, parkways and sites for public buildings.
Pursuant to provisions of General Municipal Law, § 239-1, in the absence of a county planning agency, a regional planning agency is authorized to aid in coordinating zoning actions and planning among municipalities by bringing pertinent inter-community and county-wide consideration to the attention of the municipal agencies having jurisdiction. Further, pursuant to General Municipal Law, § 239-m, in the absence of a county planning agency, a regional planning agency has jurisdiction to review applications for special permits to a municipal body under certain conditions.
The agreement entered into by said counties notes that the Capital District Regional Planning Commission is created under the provisions of both General Municipal Law, Articles 5-G and 12-B. Article 5-G, captioned, "Municipal Cooperation", in section 119-o, thereof, authorizes municipalities to enter into agreements for the performance among themselves of their respective functions where the municipality has the authority alone to perform such function. The provisions of General Municipal Law, Article 12-B are general laws (see, 1974 Atty. Gen. [Inf.] 188 and 1973 Atty. Gen. [Inf.] 236), and may not be modified by agreement of participating municipalities (see,Matter of Smithtown v. Howard, 31 N.Y.2d 365 [1972]).
We conclude that the Capital District Regional Planning Commission was created under the provisions of General Municipal Law, Article 12-B and is governed by the provisions of said Article and is mandated to seat the County Engineer or Superintendent of Highways or District Superintendent of each participating county as ex-officio members of that body as provided for by section 239-b contained in said Article.